Filed 1/12/26  P. v. Henderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)
----

| | |
|---|---|
| THE PEOPLE, | C101988 |
| Plaintiff and Respondent, | (Super. Ct. No. 24F00252) |
| v. | |
| THOMAS EUGENE HENDERSON, | |
| Defendant and Appellant. | |

A jury convicted defendant Thomas Eugene Henderson of assault with a deadly weapon on a peace officer, reckless driving while evading a peace officer, and resisting, delaying, or obstructing a peace officer.  He now appeals, arguing that the trial court erred in allowing the officers to identify him in court because the pretrial identification procedure was unduly suggestive and unreliable.  We affirm the judgment.

On July 19, 2022, Officer Joseph Lensing of the Redding Police Department was on patrol in Redding.  A blue Chevrolet Silverado truck drove towards him and passed him on the driver's side.  The male driver looked at Officer Lensing and waved as he drove by within a few feet of him.  Officer Lensing saw the front and side view of the driver's face.  The truck did not have a license plate or temporary tag, only a blue paper

1

dealer tag. Officer Lensing tried to conduct a traffic stop by attempting to catch up to the truck and turning on his overhead emergency lights and siren. The truck led Officer Lensing on a high-speed chase until turning onto a dirt road, when Lensing was blinded with dust and could not continue the pursuit. After contacting dispatch about the pursuit, Officer Lensing found the truck parked a few hundred yards away without anyone inside. He found items belonging to Travis N. and Lisa D. inside or near the truck. Officer Lensing located a picture of Travis N. and decided he was not the driver, because Travis N. was younger and had a more slender face. The police officers left the truck there because of its inaccessible location.

Later, Officer Lensing attempted to identify the driver. Someone at the police department said the driver may have been the defendant based on the vehicle and Lisa D.'s identification. Officer Lensing found a booking photo of defendant and believed he was the driver, but he was not 100 percent certain and thus did not identify him as the driver at that time. Officer Lensing also looked at photos of Lisa D. but did not recognize her, and he attempted to contact the registered owner of the vehicle without any response.

On August 22, 2023, Officers Kiracofe and Lensing were driving when Officer Lensing saw the same truck from the July 2022 pursuit drive towards them. As they passed each other, Officer Lensing was able to see clearly through the windshield and saw the same male driver he observed in July 2022. The driver had the same facial structure, mustache, brow, nose, and "facial descriptors." Officer Lensing saw the front of his face and his left side profile as he did during the July 2022 pursuit. The truck was still missing license plates and had the same paper dealer tags that it had in July 2022.

Officer Kiracofe made a U-turn to follow the truck and turned on his lights and siren. The truck accelerated and continued before hitting the guide wire of a telephone pole. After hitting the wire, the truck continued northbound before it turned on a dirt road, hit a tree, and got stuck. Officer Kiracofe stopped his car and, due to mud, it slid

before stopping door-to-door next to the truck. Officer Lensing's window was aligned with the driver's side window of the truck, but he was unable to see into it. Officer Kiracofe reversed his car to conduct a felony stop. As he backed up, the officers heard the truck's engine rev and attempt to reverse. The truck broke free from where it was stuck but continued to reverse and then hit the passenger side of the officers' vehicle at a high rate of speed.

The truck left the scene, and the officers followed. After a short distance, the truck hit a tree and got stuck. The driver and a woman left the truck and fled. Officer Lensing saw the left side of the driver's face and front of his nose as the driver got out of the truck. Officer Kiracofe observed the driver was a man with a handlebar mustache and the woman was heavyset, possibly with red hair. The officers attempted to follow the driver and passenger on foot but could not. Officer Kiracofe found two court documents with defendant's name in the truck. The truck's route in the August 2023 pursuit was very similar to the truck's route in the July 2022 pursuit.

Officer Lensing was positive that defendant was the driver during both the July 2022 and August 2023 pursuits. By looking at defendant's photograph and his observations of defendant in August 2023, Officer Lensing identified defendant as the driver in the July 2022 pursuit. Officer Kiracofe identified defendant because he saw him during the August 2023 pursuit and saw several photographs of him multiple times.

In June 2024, defendant was charged with assault with a deadly weapon (Pen. Code section 245, subd. (c); count 1); two counts of fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code § 2800.2, subd. (a); counts 2 & 5); resisting, delaying, or obstructing a peace officer (Pen. Code § 148, subd. (a)(1); count 3); and vandalism (Pen. Code § 594, subd. (b)(1); count 4). Counts 1-4 were based on the August 2023 pursuit and count 5 was based on the July 2022 pursuit. The court dismissed count 4 at the People's request.

3

The jury found defendant guilty of counts 1 through 3. The court declared a mistrial on count 5 after the jury deadlocked and then dismissed count 5 upon request of the People. The court sentenced defendant to four years on count 1, eight months on count 2, and one year on count 3, running consecutive.

Defendant timely appealed.

## DISCUSSION

Defendant contends that the trial court improperly allowed Officers Lensing and Kiracofe to identify him during trial as the driver in the 2022 and 2023 pursuits. He argues that these in-court identifications violated due process because the officers were only able to identify him before trial through an unduly suggestive and unreliable procedure.

### In Limine Motion

During trial, defendant moved to exclude any in-court identification by the officers because it would be impermissibly suggestive, unreliable, and a violation of due process. In the alternative, he requested that the court conduct a hearing under Evidence Code section 402 (statutory section references that follow are to the Evidence Code unless otherwise stated) before any in-court identification. The court granted defendant's request for a section 402 hearing.

At the 402 hearing, Officer Lensing testified that, prior, and unrelated, to the July 2022 pursuit, he saw a photograph of defendant because defendant was talked about "quite a bit."

Officer Lensing explained that before the July 2022 pursuit started, he and the truck drove past each other from opposite directions, with their driver side doors next to each other and he could see the driver's face for about four seconds, from approximately three or four feet away. They were driving approximately five miles per hour, and though the side windows were tinted, Officer Lensing was able to see the driver.

4

Officer Lensing also found items at the scene, including IDs, belonging to Travis N. and a woman. Officer Lensing looked at a photograph of Travis N. and determined he was not the driver because he was much younger. Though he believed defendant was the driver, Officer Lensing was unable to make an identification at that time, because he was not 100 percent certain. Officer Lensing talked to several people from the area who mentioned defendant's name in connection with the truck. Officer Lensing also viewed defendant's photograph several times after the July 2022 pursuit, including minutes before the August 2023 pursuit.

Officer Lensing saw the truck again on August 22, 2023, with the same driver. The truck was approximately 60 feet away from him, and as it passed by, he saw the front and side profile of the driver's face and his neck area. The sun was shining through the windows, which made the view of the driver clearer than during the first pursuit. Officer Lensing saw a full frontal and side view of the driver, and then also saw the left side of the driver's face from approximately 30 feet away when the driver ran from where his truck had stopped.

After the August 2023 pursuit, Officer Lensing was 100 percent certain defendant was the driver in both the July 2022 and August 2023 pursuits. This identification was based on his independent recollection, not on viewing photos of defendant.

After Lensing's testimony, defense counsel argued that Officer Lensing should not be allowed to identify defendant in court, claiming that Lensing was only able to identify defendant because of the items connected to defendant that were found in the truck. In response, the People argued that there was no impermissibly suggestive identification because "[i]t is Officer Lensing who's doing the entire investigation, found the photograph himself after the July '22 evading," and "[t]here is nothing in this case that is suggestive at all somebody telling Officer Lensing, It's this guy, the defendant here in this case."

The court explained that "how I look at it is it's really an issue of cross-examination for you to explore whether he can make the ID or not. I will not let him say, I can ID as of July of '22. He cannot do that because clearly he can't, which I think opens him up for heavy cross-examination as to whether he can truly [] do it come August." The court ruled that Officer Lensing would be able to make an in-court identification of defendant, subject to cross-examination, because "really what it comes down to is credibility." However, the court stated that it would not allow testimony regarding how defendant's name and photograph were circulated in the police department.

At trial, Officer Lensing testified extensively regarding the July 2022 and August 2023 pursuits and his investigation. Officer Lensing identified defendant in court as the driver of the truck during the August 2023 pursuit and then as the driver during the July 2022 pursuit. Officer Kiracofe also testified regarding the August 2023 pursuit and corresponding investigation and identified defendant in court as the driver of the truck during that pursuit. Defendant subsequently cross-examined both officers regarding the pursuits and their identification of him as the driver.

<u>Analysis</u>

"In order to determine whether the admission of identification evidence violates a defendant's right to due process of law, we consider (1) whether the identification procedure was unduly suggestive and unnecessary, and, if so, (2) whether the identification itself was nevertheless reliable under the totality of the circumstances . . . ." (*People v. Cunningham* (2001) 25 Cal.4th 926, 989.) "A due process violation occurs only if the identification procedure is 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' " (*People v. Cook* (2007) 40 Cal.4th 1334, 1355 (*Cook*), quoting *Simmons v. United States* (1968) 390 U.S. 377, 384 (*Simmons*).) " ' "We review deferentially the trial court's findings of historical fact,

6

especially those that turn on credibility determinations, but we independently review the trial court's ruling regarding whether, under those facts, a pretrial identification procedure was unduly suggestive." [Citation.] "Only if the challenged identification procedure is unnecessarily suggestive is it necessary to determine the reliability of the resulting identification." ' " (*People v. Thomas* (2012) 54 Cal.4th 908, 930-931 (*Thomas*).)

When determining whether the identification was unduly suggestive, the question is whether anything caused defendant to stand out from the others in a way that would suggest the witness should select him. (*Cook*, *supra*, 40 Cal.4th at p. 1355.) It is a defendant's burden to show that an identification procedure was unduly suggestive. (*Ibid.*) This burden requires showing unfairness as a "demonstrable reality, not just speculation." (*People v. DeSantis* (1992) 2 Cal.4th 1198, 1222.)

Defendant contends that Officers Lensing and Kiracofe identified him through a highly suggestive procedure which violated due process because they heard through conversations within the police station that defendant had prior contacts with police and that defendant was possibly connected to the blue Chevrolet truck and its female passenger. He argues that these circumstances are akin to a scenario in which law enforcement suggests to a witness that a defendant is the culprit during a line-up procedure, or where law enforcement shows the witness only one photo of an individual who resembles the person the witness saw. He further argues that this suggestive nature persisted even though the officers viewed his photographs before the August 2023 pursuit, because witnesses tend to retain in their memory the image of the photograph they saw, instead of the person actually seen.

Defendant further argues that (1) the officers' identifications of him were not reliable and (2) the admission of the officers' in-court identifications of him was not harmless because the jury was hung on the question of his guilt on the July 2022 pursuit, despite the similarity of the two pursuits.

7

We reject defendant's characterization of the pretrial identification procedure in this case as unduly suggestive. As an initial matter, Officer Lensing was not presented with the photo of a single suspect by investigating officers to identify the culprit. (See, e.g., *Simmons*, *supra*, 390 U.S. at p. 383.) Nor did officers present Officer Lensing with a lineup that suggested they believed defendant was the culprit. (See, e.g., *Foster v. California* (1969) 394 U.S. 440, 442-443.) Rather, Officer Lensing had already seen photographs of defendant because his name had already been mentioned at the police station prior to the July 2022 pursuit, and then Officer Lensing viewed defendant's photograph during his own investigation. Indeed, defendant concedes that "a trained officer could not be found through the photo identification process to have impermissibly suggested to himself the person he saw on a particular date." (See, e.g., *United States v. Sanders* (8th Cir. 1976) 547 F.2d 1037, 1040-1041 (*Sanders*) [one-person "showup" was not unduly suggestive where suspect was presented to witnesses who were law enforcement officers during their investigation and the purpose of the showup was to see if the defendant was the perpetrator they had seen].)

This is common sense. To hold otherwise would potentially invalidate every criminal investigation that relied in some part on pictures of the person who had been a suspect and who was eventually charged with the commission of a crime by precluding the investigating officers' later in-court identification of the defendant.

Further, as law enforcement officers, Officers Lensing and Kiracofe are "not inexperienced lay witnesses who might be expected to infer from [a] stationhouse showup" that other officers believed they had the culprit, thereby influencing their identification. (See *Sanders*, *supra*, 547 F.2d at pp. 1040-1041.) The fact that other officers had mentioned defendant before the 2022 pursuit and mentioned defendant's name in connection with the blue Chevrolet truck after the 2022 pursuit does not render the identification procedure in this case unduly suggestive. Law enforcement officers are allowed to discuss with each other potential suspects as part of the investigative process.

8

Defendant has not shown that the identification procedure in this case was unduly suggestive.  Accordingly, we need not reach the question of reliability or prejudice.  (See *Thomas*, *supra*, 54 Cal.4th at pp. 930-931.)

## DISPOSITION

The judgment is affirmed.


\_\_\_\_\_/s/_____
HULL, J.

We concur:


\_\_\_\_\_/s/_____
EARL, P. J.


\_\_\_\_\_/s/_____
MAURO, J.